UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

VS.                                                            CASE NO: 6:24-cr-43-WWB-DCI

QUENTES DURRELLE SIMPSON
_____/

**ORDER**

THIS CAUSE is before the Court on Defendant's Motion to Sever Count Four of the Superseding Indictment and Motion to File Motion Past the Deadline (Doc. 132) and the Government's Response in Opposition (Doc. 134). For the reasons set forth below, the Motion will be granted in part.

Where a defendant appears to be prejudiced by the joinder of offenses in an indictment, the Court "may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). Defendant moves to sever Count Four of the Superseding Indictment (Doc. 41), which charges Defendant with possession of a firearm or ammunition by a convicted felon. (*Id.* at 2–3). Defendant argues that evidence of his past felonies is both prejudicial and immaterial to the remaining counts of the Superseding Indictment. The Government argues Defendant's Motion should be rejected as untimely and that Defendant has failed to show that compelling prejudice warrants severing Count Four. Moreover, the Government argues that Defendant's convictions are relevant to Count Five, which charges Defendant with possession of a firearm in furtherance of a drug trafficking crime. *See United States v. Timmons*, 283 F.3d 1246, 1253 (11th Cir. 2002) (stating in dicta that the "legitimate or

illegal" nature of a defendant's firearm possession is relevant to determining whether the possession was "in furtherance of a crime" (quotation omitted)).

Defendant admits that his Motion is untimely. Given, however, the unusual procedural history of this case, the Court finds good cause to consider it. (*See* Doc. 132, ¶ 9). There is "ample decisional law [demonstrating] that felon-in-possession charges generally do not constitute a sufficient basis for severance," and the Court finds that Defendant has not met the heavy burden of showing that severance is warranted under Rule 14. *United States v. Higgs*, No. 8:19-cr-293, 2022 WL 1522119, at *4 (M.D. Fla. May 13, 2022); *see also id.* at *3 (noting that a "defendant's burden in bringing a severance motion is a 'heavy' one" (quoting *United States v. Hersh*, 297 F.3d 1233, 1243 (11th Cir. 2002)). The Government suggests that any potential prejudice can instead be mitigated by a jury instruction and Defendant's stipulation to being a felon.

However, potential prejudice can also be mitigated by bifurcating Defendant's trial, whereby Count Four is tried immediately after a verdict is returned on the remaining counts. Indeed, the Court ordered the Government to address bifurcation as an alternative to severance, citing *Erlinger v. United States*, 602 U.S. 821 (2024). The Government dismisses *Erlinger* as inapplicable because it addressed felon-in-possession counts charged under the Armed Career Criminal Act ("**ACCA**"), evidence of which requires detailed inquiries into multiple past convictions. While the Government accurately states the facts of *Erlinger*, it gives short thrift to the opinion's reasoning. As the Supreme Court put it, "traditional tools exist to address the prejudicial effect evidence about a defendant's past crimes can have on a jury. Most obviously, a court can bifurcate the proceedings." *Id.* at 847. The Court described bifurcation as a "common" and "fair[]"

2

practice. *Id.* (quotations omitted). And nothing in the opinion limited the fairness or availability of bifurcation to ACCA charges. *See United States v. Ware*, No. 1:17-CR-447, 2019 WL 3387015, at *3 (N.D. Ga. May 13, 2019) ("[B]ifurcation would seem to impose little additional delay or burden on the Court and the jurors, and would serve to eliminate any potential risk of prejudice to the Defendants."), *report and recommendation adopted*, 2019 WL 2353457 (N.D. Ga. June 3, 2019); *United States v. Bodie*, 990 F. Supp. 1419, 1426–27 (S.D. Fla. 1997).

Finally, the Government's reliance on *Timmons* is misplaced. There, the defendant was not charged with being a felon in possession of a firearm, the Eleventh Circuit never even considered the legitimate or illegal nature of the defendant's firearm possession, and it was unclear whether the court, by referring to the "illegal nature" of one's possession, was even referring to possession made unlawful by a past conviction. *See Timmons*, 283 F.3d at 1252–54. Obviously, then, the opinion says much in the abstract about the relevance of illegally possessing a firearm, but little about its relevance vis-à-vis the prejudicial effects of admitting evidence of a prior felony conviction.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant's Motion to Sever Count Four of the Superseding Indictment and Motion to File Motion Past the Deadline (Doc. 132) is **GRANTED in part** to the extent provided herein and **DENIED** in all other respects.

2. Absent Defendant's stipulation to a prior felony conviction, Defendant's trial on Count Four of the Superseding Indictment will be bifurcated and proceed immediately after a jury verdict is returned on the remaining counts. Defendant's trial on Count Four will proceed on all previously admitted

evidence and any additional evidence that is properly admitted as to that count.

**DONE AND ORDERED** in Orlando, Florida on October 16, 2025.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record